IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TRAVIS BLANK, §
　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　§
VS. § NO. 4:17-CV-609-A
　　　　　　　　　　　　　§
UNITED STATES OF AMERICA, ET AL. §
　　　　　　　　　　　　　§
　　　　Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Lawanda Shead ("Shead"), Aminia Baruti ("Baruti"), James Riley ("Riley"), Ronald White ("White"), Chris Zagotti ("Zagotti"), and Rodney Chandler ("Chandler")(collectively "movants") to dismiss. The court, having considered the motion, the response of plaintiff, Travis Blank, the reply, the record, and applicable authorities, finds that the motion should be granted in part.

I.

Plaintiff's Claims

Plaintiff, a prisoner at FMC-Fort Worth, complains of treatment he received while incarcerated there. Plaintiff asserts claims against United States of America under the Federal Tort Claims Act and claims against movants under Bivins v. Six Unknown Named Agents, 403 U.S. 388 (1971). Plaintiff complains of medical treatment provided by Shead and Baruti and sues the other movants

for failing to address a pigeon infestation at the facility, all of which he alleges caused him grievous harm. Doc.[1] 3.

Briefly, plaintiff alleges that he has Crohn's disease and takes medication that weakens/compromises his immune system. He says that he is designated as a "Care Level 3 inmate." Doc. 3 at 11, ¶ 21. Plaintiff developed a rash common to hundreds of inmates at the facility. His doctor, Baruti, was deliberately indifferent to plaintiff's medical needs. Shead, a nurse, knowingly caused him to undergo treatments that were ineffective and caused plaintiff extreme pain. Riley, White, Zagotti and Chandler were aware of and consciously disregarded a pigeon infestation at the facility that caused inmates, including plaintiff, to be exposed to dangerous conditions. Plaintiff developed histoplasmosis as a result of the exposure and continues to suffer as a result.

II.

Grounds of the Motion

Movants allege that plaintiff has failed to state plausible claims against them. They alternatively argue that they are entitled to qualified immunity.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

2

III.

Applicable Legal Principles

A. Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer

that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of

Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

B. Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing

violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has

alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.
> . . .

502 U.S. at 229.

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question

7

beyond debate. White v. Pauly, 137 S. Ct. 548, 551 (2017). That is, the clearly established law upon which plaintiff relies should not be defined at a high level of generality, but must be particularized to the facts of the case. Id. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. Id.; Surratt v McClarin, 851 F.3d 389, 392 (5th Cir. 2017).

IV.

Analysis

A. Medical Claims

The bulk of plaintiff's complaint is devoted to the alleged actions and inactions of Shead, said to be an infectious diseases nurse, and Baruti, the doctor assigned to oversee plaintiff's healthcare.

Plaintiff alleges that Shead forced plaintiff to undergo scabies treatment two times even though he never tested positive for such, was never diagnosed as having scabies, or ordered to undergo scabies treatment. Doc. 3 at 4, ¶ 12. However, plaintiff further pleads that a dermatologist he saw said that plaintiff "most likely has scabies" and recommended treatment for it. Id. at 18-19, ¶ 49. The next day, Shead informed plaintiff that he

8

and his roommates would be isolated and treated for scabies. Id. at 19, ¶ 50. The remainder of plaintiff's allegations regarding Shead are conclusory, e.g., that Shead was deliberately indifferent, acted contrary to established due process protections, and engaged in acts of medical malpractice or negligence. Id. at 43, ¶ 124; 49, ¶ 136. The complaint does not describe the alleged second incident of scabies treatment. The facts alleged are insufficient to show more than a disagreement with the treatment provided, which is insufficient to state a claim. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Plaintiff's allegations regarding Baruti take up the majority of the complaint. Plaintiff recognizes that to state a claim against her he must do more than show that she committed malpractice. He attempts to do so by alleging that Baruti intentionally and knowingly refused to examine plaintiff at a time plaintiff was suffering from an unknown but severe rash. Doc. 3 at 5, ¶ 13. Plaintiff says that Baruti ignored requests from nurses, physician's assistants, and health services personnel and ignored BOP policy requiring that she examine him. Id.

As movants note, plaintiff's complaint reflects that he constantly complained about medical care and was seen by medical

personnel on a consistent basis. Nevertheless, the court is satisfied that plaintiff has at least pleaded a plausible claim against Baruti for deliberate indifference to his serious medical needs. He alleges that she was responsible for overseeing his medical care but only belatedly reviewed his medical records, e.g., Doc. 3 at 16, ¶¶ 40, 42; 23, ¶ 67. At times, she refused to see plaintiff. See, e.g., id. at 16, ¶ 42 (nurse told plaintiff that Baruti refused to see him and there was nothing the nurse could do); 17, ¶ 43 (another provider informs Baruti that plaintiff has been to seven sick calls in seven weeks with severe rash, unbearable burning and itching and inability to sleep, but she refuses to see plaintiff); 18, ¶ 46 (medical providers note that Baruti has been informed by them that she should see plaintiff but will not). And, she refused to prescribe medication as recommended by other doctors or healthcare providers. Id. at 22, ¶ 61; 32, ¶¶ 102, 104. Plaintiff suffered a severe rash that interfered with his daily living, yet continued to receive the same treatment over and over despite its ineffectiveness. The scabies treatments did not help, but actually made things worse. Id. at 20, ¶¶ 54, 55. Caregivers and the pharmacist told plaintiff that the steroidal cream he was given was damaging to his skin. Id. at 18, ¶ 48; 23, ¶ 68. The shots he received were also harmful. Id. at 23-24, ¶¶ 70, 71, 73. These allegations are

sufficient to overcome the motion to dismiss as to Baruti. That plaintiff was seen numerous times by other caregivers does not excuse the conduct of Baruti. <u>Murrell v. Bennett</u>, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

B.  <u>Pigeon Infestation</u>

Plaintiff alleges that the remaining movants, Riley, White, Zagotti, and Chandler, violated the Eighth Amendment by failing to adequately address a pigeon infestation with the result that plaintiff contracted histoplasmosis, a fungal infection, in his lungs. The Supreme Court has recently explained that a <u>Bivens</u> claim may only be asserted in three limited sets of circumstances, none of which exists here with regard to the pigeon infestation. <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1854-55 (2017). And, in any event, plaintiff has not cited, and the court is unable to find, any decision that would have put these defendants on notice that their actions or inactions with regard to the pigeons would subject them to liability, i.e., constituted a clear violation of plaintiff's constitutional rights. <u>White</u>, 137 S. Ct. at 552; <u>Surratt</u>, 851 F.3d at 392. Accordingly, the claims against them must be dismissed.

V.

Order

The court ORDERS that movants' motion to dismiss be, and is hereby, granted in part and the claims against Shead, Riley, White, Zagotti, and Chandler be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims against said defendants.

The court ORDERS that the motion be, and is hereby, otherwise denied.

SIGNED November 17, 2017.

_____
JOHN McBRYDE
United States District Judge